### MISJOINDER IN PROCEEDINGS FOR PARTITION.

Common Pleas Court of Hamilton County.

#### J. NELSON CALDWELL v. FRANK CALDWELL.

Decided, June 10, 1913.

*Partition—Accounting Upon a Separate Contract Improperly Joined—Section 11306.*

In an action for partition and an accounting for rents and profits, the plaintiff can not join as a third cause of action an accounting upon a separate contract entered into between the plaintiff and defendant, although the money that formed the basis of this contract was furnished by the plaintiff by a mortgage on his interest of the land sought to be partitioned. Such a cause of action does not arise out of the same transaction, nor is it a transaction connected with the same subject of action within the meaning of Section 11306, General Code.

*Horstman & Horstman,* for the demurrer.
*Stephens, Lincoln & Stephens* and *Bruce & Bruce,* contra.

MAY, J.

Plaintiff's amended petition herein contains three causes of action; first, the partition; second, for an accounting of the rents and profits; and the third cause of action sets out that the plaintiff executed a mortgage on his interest in the property sought to be partitioned and used the proceeds thereof for cancellation of a mortgage in which the defendant was interested, said mortgage having been deposited as security to the Western & Southern Life Insurance Company on payment of the capital stock of said company and was later transferred to the superintendent of insurance, as required by the statute of the state. The plaintiff claims that he was to have a fifth interest in the stock of the defendant and that his sisters, who were parties to the agreement, were likewise to have interests, and that the sisters had died and their interests were inherited by the plaintiff and defendant, and that the plaintiff now has seven-fifteenths interest

in the business; that the defendant has disposed of all his interest in the stock and asks for an accounting as to his interest. Plaintiff also contends that the interest in the insurance business standing in the name of the defendant and the sum arising out of the sale thereof grew out of the joint interest of the plaintiff, defendant and the sisters in the real estate sought to be partitioned herein.

The defendant filed a demurrer upon the ground that the third cause of action is improperly joined. The demurrer must be sustained. Under Section 11306 of the General Code plaintiff may unite several causes of action under the same petition, whether they are legal, equitable or both, when they are included in the same transaction or the transactions are connected with the same subject of the action.

While it is true that the money which formed the basis of an agreement upon which an account is sought in the third cause of action was secured by a mortgage given by the plaintiff on his interest in the property, it can not be said that this is either the same transaction as that forming the first cause of action, to-wit, the partition of the land, or that it is connected in any way with the same subject of action, which is partition.

It is undoubtedly true that the code must be liberally construed, but I have been unable to find any decisions which warrant the joinder of actions so dissimilar in their nature as the third cause of action herein is to that of the other two. If the plaintiff and defendant had been partners it surely could not be claimed that in a partition suit an action for dissolution of the partnership could be joined. I can see no distinction between an action for an accounting under an agreement entered into between the plaintiff and defendant, although the money which was the consideration for this agreement was secured by a mortgage on the plaintiff's property sought to be partitioned, and an action for a dissolution of a partnership between the same parties. Neither is the accounting in the insurance matter a profit arising out of the land.